## Case No. 4,592.

### The EXCELSIOR.

[2 Ben. 434.] [1]

District Court, S. D. New York. May, 1868.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Beebe, Donohue & Cooke, for libellant.
Benedict & Benedict, for claimant.

BLATCHFORD, District Judge. This is a libel to recover the value of a steam engine, owned by the libellant, John S. Ray. The libel alleges that, in April, 1868, the canal boat took the engine on board at Philadelphia, to be transported to New York, subject only to tollage; and that the boat, with the engine on board, has arrived at New York, and the libellant has tendered the tollage, but the master of the boat refuses to deliver the engine, which is of the value of $600.

The defence set up in the answer is, that, on the 7th of April, 1868, an agreement in writing was made between the master of the boat, who was her owner, for the sale of her to the libellant and one Rockefeller, the terms of which were, that the master was to sell the boat for $1,000, she then being at Hudson, (N. Y.) loaded with marble; that she should go with that cargo to Philadelphia, and be delivered at New York on or before April 21st; that, upon such delivery, the $1,000 should be paid; that, for the same consideration, the master should take on board of her, at Philadelphia, a steam engine belonging to the libellant and Rockefeller, and deliver it with the boat at New York, on or before April 21st, they to pay all expense of tollage. The answer avers, that the engine was transported under that agreement and no other; that the claimant was prevented from delivering the boat at New York on the 21st, by the failure of the other parties to have the engine in readiness for shipment; that the claimant arrived with the boat at New York on the 25th, and offered to deliver the engine and the boat according to the contract on that day; that the other parties did not accept them, but refused to receive them, and it was agreed between the parties that every thing should remain as it was, and the engine should remain on board of the boat until the return of the claimant from Philadelphia on the 28th, but that the libellant, in violation of such agreement, commenced this suit before the return of the claimant; that the claimant is ready and willing to perform the agreement on his part; and that the other parties have failed to perform it.

I think, on the evidence, that this defence fails. It appears, that the claimant did not have the legal title to the boat so that he could convey it by a bill of sale. He had an equitable title only. The money to buy the boat for him had been advanced by a friend of his in Philadelphia, who took a bill of sale of the boat in his own name. The claimant was entitled to receive a bill of sale of the boat from his friend whenever he should reimburse the money. These facts were not disclosed when the agreement of sale was made. When the claimant was in Philadelphia with the boat, he endeavored to procure a bill of sale to himself for the boat, but his friend was too ill to transact business. The claimant had not reimbursed the money to him, nor has he yet done so fully, and he is not now entitled to demand a legal title to the boat, nor is he yet in a condition to convey one. This difficulty was disclosed by him to the other parties when he reached New York with the boat. They were not bound to pay or tender the $1,000 till they received the boat and a good title to her, and also the engine. The $1,000 was to be the consideration for the purchase of the boat and for the transportation of the engine. The engine has been transported, and is the property of the libellant. He proves that he has tendered the tollage to the proper party, and I think he is entitled to the possession of his engine free of all lien or charge for freight. He was so entitled when this suit was brought. Any freight on it is a part of the $1,000. After the claimant shall have made proper delivery of both boat and engine, he may be entitled to the $1,000, but not till then. Meantime he has no right to withhold the engine, the tollage having been tendered.

There must be a decree for the libellant, with costs, with a reference to a commissioner to ascertain the damages sustained by the libellant.